UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA NORRIS,

    Plaintiff,

v.                                    Case No: 8:19-cv-1413-T-36CPT

FREEDOM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

# **O R D E R**

This cause is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Relief (the "Motion"). (Doc. 7). Angela Norris ("Plaintiff") responded in opposition. (Doc. 14). The Court, having considered the parties' submissions and being fully advised in the premises, will remand this action for lack of subject matter jurisdiction and take no action on the Motion.

**I.    BACKGROUND**[1]

Freedom Life Insurance Company of America ("Defendant") is a preferred provider organization, providing healthcare coverage to certain Floridians. (Doc. 1-1 ¶4). Effective June 1, 2016, Plaintiff, a citizen of Florida, "enrolled as a member of Defendant." *Id.* at ¶¶2, 5. Following her enrollment, Plaintiff underwent medical treatment through various medical providers in Florida, which resulted in medical bills and expenses. *Id.* at ¶6. Plaintiff asked Defendant whether Defendant would cover or otherwise pay for her medical bills and expenses. *Id*. at ¶7. Defendant

---

[1] The facts are derived from Plaintiff's complaint (the "Complaint"). (Doc. 1-1). A district court must accept the allegations of a complaint as true when ruling on a Rule 12(b)(6) motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For the reasons set forth herein, the Court does not reach the merits of the Motion.

informed Plaintiff that her healthcare coverage would not pay for the bills or expenses because her healthcare coverage policy constituted a "catastrophic" insurance policy, which afforded coverage for only medical bills or expenses exceeding $1 million. *Id.* at ¶8. Plaintiff made requests to Defendant for payment to the medical providers for the bills and expenses she incurred since June 1, 2016. *Id.* at ¶9. Defendant has not paid the submitted medical bills or medical expenses. *Id.* at ¶10.

Plaintiff filed the one-count Complaint against Defendant in Florida's Sixth Judicial Circuit on June 16, 2019, alleging that she is unsure whether Defendant maintains "a contractual duty to make payments to the medical providers that provided medical treatment to her since June 1, 2016." *Id.* at ¶12. Plaintiff seeks a declaratory judgment under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011 *et seq.*, that, pursuant to the health insurance policy issued by Defendant, Defendant "must pay for any and all medical bills and medical expenses for medical treatment rendered to Plaintiff" since June 1, 2016. *Id.* at 3. Defendant timely removed the action to this Court on the basis of diversity jurisdiction and thereafter filed the Motion.[2] (Docs. 1, 7).

---

[2] In removing an action, a defendant's filed removal notice must contain a "short and plain statement of the grounds" for the removal. 28 U.S.C. § 1446(a). When diversity jurisdiction serves as the basis for removal, the defendant's removal notice may state the amount in controversy when the plaintiff's complaint does not do so. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). A removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and 28 U.S.C. § 1446(c)(2)(B) requires evidence establishing this amount only when the plaintiff contests, or the courts questions, such allegation. *Id.* at 90. Here, the Court is satisfied that diversity jurisdiction exists. Plaintiff is a citizen of Florida, (Doc. 1-1 ¶2), and Defendant is a Texas corporation with its principal place of business in Texas, (Doc. 1 at 4). Further, although Plaintiff does not allege an amount in controversy in the Complaint, Defendant claims that Plaintiff is seeking $325,567.59 in unpaid medical bills under the health insurance policy. *Id.* at 5. On this basis, Defendant contends that "Plaintiff seeks the Court's determination as to whether Defendant is obligated to pay $325,567.59 for Plaintiff's unpaid medical bills." *Id.* Thus, the monetary value of litigation, when viewed from Plaintiff's perspective, exceeds $75,000. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (holding that the amount in controversy in a declaratory relief action is "the monetary value

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, mere naked assertions are insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. ANALYSIS

Defendant moves to dismiss Plaintiff's claim on two grounds. First, Defendant argues that declaratory relief is improper because the Complaint is devoid of allegations demonstrating that the subject contract is ambiguous or invalid. (Doc. 7 at 2–5). Second, Defendant argues that Plaintiff's allegations merely raise a prior breach of contract claim, which the Court must resolve at law, rather than in equity. *Id.* at 3, 5. Defendant relies entirely on caselaw from Florida state courts interpreting the Florida Declaratory Judgment Act.[3] *Id.* at 1–5. However, as explained in further detail below, the Florida Declaratory Judgment Act is inapplicable where a federal court

---

of the object of the litigation from the plaintiff's perspective"). Defendant plausibly alleges the amount in controversy, and the Court is satisfied that diversity jurisdiction exists.

[3] Plaintiff exclusively relies on similar caselaw in responding to the Motion. (Doc. 14 at 2–5).

sits in diversity. A review of the Complaint's allegations demonstrates that Plaintiff lacks standing to bring her claim. As such, the Court is powerless to hear the merits of this action, and the action is due to be remanded.

Plaintiff brings her claim for declaratory relief under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011 *et seq.* (Doc. 1-1 ¶1). However, "Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4899402, at *2 (M.D. Fla. Dec. 11, 2009) (Presnell, J.) (citing *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008)). The Florida Declaratory Judgment Act is inapplicable to a declaratory judgment action brought in a diversity case in federal court because the Act constitutes a mere "procedural mechanism rather than a substantive rule of decision." *Daytona Beach Riverhouse, Inc. v. Chubb Custom Ins. Co.*, No. 6:13-cv-1461-Orl-22GJK, 2014 WL 12611320, at *3 (M.D. Fla. Mar. 20, 2014) (Conway, J.) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)) (emphasizing that federal courts sitting in diversity apply state substantive law and federal procedural law).

The Court will therefore construe Plaintiff's claim as asserting a claim for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Declaratory Judgment Act"), rather than the Florida Declaratory Judgment Act, and will assess the viability of the claim thereunder. *See*, *e.g.*, *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 881 (11th Cir. 2016) (per curiam) (finding that the district court, following removal, did not err in construing the plaintiffs' claims as a claim for declaratory relief under 28 U.S.C. § 2201 exclusively, where the plaintiff had sued under both the Declaratory Judgment Act and the Florida Declaratory Judgment Act, because

the Florida Declaratory Judgment Act is procedural, not substantive); *Wilmington Savings Fund Soc'y, FSB v. Bus. Law Group, P.A.*, No. 8:15-cv-2831-T-36TGW, 2016 WL 11491321, at *4 (M.D. Fla. Sept. 30, 2016) (Honeywell, J.) (construing the plaintiff's claim under the Florida Declaratory Judgment Act as a claim arising under 28 U.S.C. § 2201); *Daytona Beach Riverhouse*, 2014 WL 12611320, at *3 (same); *Local Union No. 808 Iron Workers Pension & Annuity Fund v. Fid. & Deposit Co. of Md.*, No. 6:13-cv-1213-Orl-22KRS, 2013 WL 12155443, at *3 (M.D. Fla. Dec. 24, 2013) (Conway, J.) (same); *Vill. Square Condo. of Orlando*, 2009 WL 4899402, at *2 (same).

Having determined that the Declaratory Judgment Act is applicable, the Court must preliminarily examine whether a justiciable controversy exists before considering the arguments in the Motion, regardless of their merit. *Atlanta Gas Light Co. v. Aetna Cas. & Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995) ("In all cases arising under the Declaratory Judgment Act . . . the threshold question is whether a justiciable controversy exists."); *Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 248 F. Supp. 3d 1268, 1280 (M.D. Fla. 2017) (Howard, J.) (emphasizing that the "actual controversy" requirement is "jurisdictional" and a "threshold question in an action for declaratory relief") (internal quotation marks omitted); *see Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 877–78 (11th Cir. 2000) (reiterating that federal courts have an independent obligation to examine their jurisdiction, including standing).

The Declaratory Judgment Act provides, "In a case of *actual controversy* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). This "actual controversy" language "echo[es] the 'case or controversy' requirement of article III of the Constitution." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir.

1985). Indeed, "under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id.* at 1552. "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a *definite*, rather than speculative *threat of future injury*." *Id.* (emphasis added). "The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.* Unsurprisingly, then, "[i]njury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1348 (11th Cir. 1999)

In those cases—like the instant action—where a plaintiff seeks only declaratory relief, instead of damages for past harm, he or she "must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future'" in order to satisfy this standing requirement. *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210–11 (11th Cir. 2019) (quoting *Malowney*, 193 F.3d at 1346). Thus, in cases without a claim for damages, the plaintiff lacks standing where he or she fails to plead facts from which a substantial likelihood of future injury is apparent. *Id.* at 1215–16. Significantly, "as both [the Eleventh Circuit] and the Supreme Court have made clear, this future interest must be alleged by the plaintiff rather than imagined by the court . . . ." *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1179 (11th Cir. 2019).

Plaintiff lacks standing to bring this construed claim under the Declaratory Judgment Act. The gravamen of the Complaint is Defendant's alleged refusal to provide coverage for, or pay, medical bills and expenses resulting from Plaintiff's treatment through certain providers since June 1, 2016. Plaintiff alleges that Defendant informed her that her healthcare coverage would not cover or pay for these medical bills or expenses because her policy constituted a "catastrophic" insurance

6

policy, which afforded coverage for only medical bills and expenses exceeding $1 million. (Doc. 1-1 ¶8). As such, Plaintiff alleges that, "[t]o date, Defendant . . . *has not paid* the medical bills or medical expenses that were submitted to it." *Id.* at ¶10 (emphasis added). On this basis, Plaintiff seeks only a declaratory judgment that, under the applicable health insurance policy, Defendant "must pay for any and all medical bills and medical expenses for medical treatment *rendered* to [Plaintiff] since June 1, 2016 . . . ." *Id.* at 3 (emphasis added).

Therefore, Plaintiff seeks only declaratory relief, rather than damages for past harm; Plaintiff requests a declaratory judgment that Defendant is responsible for paying all medical bills and expenses rendered to Plaintiff since June 1, 2016, not for the Court to award these amounts or any amounts resulting from alleged past harm.[4] Because Plaintiff seeks only declaratory relief, she must "allege facts from which it appears that there is a substantial likelihood that [s]he will suffer injury in the future" in order to demonstrate standing. *A&M Gerber*, 925 F.3d at 1210–11 (internal quotation marks omitted).

However, Plaintiff's allegations are devoid of any indication of future injury. Plaintiff does not allege, for example, that she will continue to incur medical bills and expenses, for which Defendant will refuse to provide coverage or payment. Indeed, there are no allegations regarding any future acts or omissions. Instead, Plaintiff focuses on Defendant's prior refusals to afford coverage for, or pay, the medical bills and expenses resulting from treatment that she received since June 1, 2016. A substantial likelihood that Plaintiff will suffer injury in the future is simply not apparent from Plaintiff's allegations. Any future injury must be alleged by Plaintiff, not

---

[4] Plaintiff asserts in her response to the Motion that she "could not bring a breach of contract claim" because she did not possess the insurance policy when she filed the Complaint. (Doc. 14 at 2). Further, Plaintiff's accompanying request for the Court to award attorney's fees does not alter the conclusion above, as such request does not constitute damages for past harm.

imagined or assumed by the Court. Therefore, because Plaintiff does not plead factual allegations from which a substantial likelihood of future injury is apparent and the allegations otherwise fail to indicate a substantial and continuing controversy that creates a definite threat of future injury, Plaintiff lacks standing to bring her claim under the Declaratory Judgment Act.

As Plaintiff lacks standing to bring her claim under the Declaratory Judgment Act, the Court lacks subject matter jurisdiction over this action. *McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (per curiam) ("Absent standing, the District Court lacked subject matter jurisdiction."); *see Torres v. Wendy's Co.*, 195 F. Supp. 3d 1278, 1281 (M.D. Fla. 2016) (Byron, J.) ("Standing to bring and maintain a lawsuit is a fundamental concept of a federal court's subject matter jurisdiction"). Although a district court ordinarily must dismiss a plaintiff's claim without prejudice where standing is lacking, this principle is inapplicable in the removal context. *McGee*, 727 F.3d at 1326. Instead, for those actions removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5] 28 U.S.C. § 1447(c). The plain language of § 1447(c) does not provide any discretion to dismiss, rather than remand, an action. *Int'l Primate Protection*

---

[5] Thus, "[a] district court may remand a case *sua sponte* for lack of subject matter jurisdiction any time" under 28 U.S.C. § 1447(c). *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F3d 1294, 1296 (11th Cir. 2009). A district court lacks authority to remand an action under § 1447(c) as a result of "a perceived procedural defect in the removal process" without waiting for the requisite motion. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). A procedural defect in this context refers to a defect that does not go towards the question of whether the action originally could have been brought in the federal district court. *Corporate Mgmt. Advisors*, 561 F.3d at 1297. Here, the lack of subject matter jurisdiction stems from Plaintiff's lack of standing to bring her claim in federal court, which extends beyond a mere procedural defect in the removal process. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.6 (11th Cir. 1993) (stating that lack of standing constitutes a jurisdictional defect). Indeed, this case may be distinguished from instances where, for example, a procedural defect arises from a failure to establish diversity jurisdiction. *Corporate Mgmt. Advisors*, 561 F.3d at 1296 (stating that the failure to establish a party's citizenship at the time of filing the notice of removal constitutes a procedural defect, not a jurisdictional defect).

*League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). Where a district court construes a plaintiff's removed cause of action as a claim for relief under the Declaratory Judgment Act exclusively, remand is proper if the plaintiff lacks standing to bring the claim. *See Coccaro*, 648 F. App'x 876.

As Plaintiff lacks standing to bring her claim under the Declaratory Judgment Act, the Court lacks subject matter jurisdiction over this action. The Court, therefore, will not consider the merits of the Motion. Finally, because Defendant removed the action from state court and the Court is without subject matter jurisdiction, the action is due to be remanded.

**IV. CONCLUSION**

Accordingly, it is **ORDERED**:

1. This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, for lack of subject matter jurisdiction.

2. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

3. The Court takes no action on Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Relief. (Doc. 7).

4. The Clerk is further directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** in Tampa, Florida on February 24, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any